OPINION.
This appeal involves the interpretation of a shared-parenting decree between plaintiff-appellee Theresa Cummins and defendant-appellant Clark Deer. The decree outlines the living arrangements for Cummins's and Deer's child, Megan. The decree Megan; it also incorporates the provisions of the Hamilton County guidelines on visitation (visitation guidelines), which make various references to a "non-custodial parent." The dispute between the parties involves the following provision from the visitation guidelines: "The non-custodial parent shall be entitled to four weeks of additional visitation each year." The issue is, who is the "non-custodial parent"?
After the shared-parenting decree was issued, Cummins requested that the trial court clarify the meaning of "non-custodial parent." The court looked to portions of the decree that stated that it was in Megan's best interest to have maximum contact with both parents, and the court determined that it would not be proper to consider either Cummins or Deer to be the sole non-custodial parent. The court concluded that "non-custodial parent" should be interpreted as applying to both parents:
 Designating either of the parents custodial or non-custodial would run contrary to the provisions of the plan dealing with the joint responsibility of the parents. The use of ["non-custodial parent"] in the portion of the plan referred to as of [sic] the Hamilton County guidelines on visitation creates an inherent ambiguity in the plan in its entirety. * * * Since the determinative factor is the intention of the Court gathered from the judgment in its entirety, the Court must also give effect to the provision which states: "Both parties agree that it is in Megan's best interests to have maximum contact with the other parent while she is younger and acknowledge the need for more frequent and shorter periods of contact than is generated by the traditional guidelines for visitation." Therefore, the Court holds as follows:
 1. Where the provisions of the Hamilton County guidelines on visitation conflict with the specific provision[s] of the plan incorporated into the Decree in this case, the specific provisions of the plan shall prevail.
 2. Where the provisions of the Hamilton County guidelines on visitation refer to [a] non-custodial parent, those provisions shall be interpreted as applying to both parents.
 3. Where the term "non-custodial parent," interpreted as applying to both parents, would result in parenting time coinciding, and the section refers to "even-numbered" and "odd-numbered" years, Father shall be entitled to the parenting time on those holidays listed and the child's birthday, with Mother having the remaining holidays for that year and the child's birthday on the alternate year.
 The Court concludes that this interpretation of the decree gives effect to all possible portions of the decree and carries out the intent of the court that it is in Megan's best interests to have maximum contact with each parent. [Emphasis in original.]
In Deer's sole assignment of error, he asserts that the court erred in interpreting "non-custodial parent" as applying to both parents. He claims that only he should have been considered the non-custodial parent and, thus, the only parent entitled to four weeks of additional visitation each year. He points to the statute governing shared parenting, R.C. 3109.04, and claims that, under a prior version of R.C. 3109.04 — the version in effect when the shared-parenting decree was drafted only he could be considered to be the non-custodial parent under the decree. According to him, the court improperly failed to consider this version of the statute. We disagree. BasedBut, based on our review of the decree, we agree with the trial court's determination that "non-custodial parent" should be interpreted as applying to both parents.
The prior version of R.C. 3109.04 stated that, under a shared-parenting order, "the parent with whom the child is to reside at a particular point in time, as specified in the order, is the * * * `custodial parent' of the child at that point in time. * * * [T]he parent with whom the child is not to reside at a particular point in time, as specified in the order, is the * * * `noncustodial parent' of the child at that point in time."[1]
The prior version of the statute had a requirementrequired that shared-parenting plans include visitation provisions.[2]
Under the present version of R.C. 3109.04, the phrase "non-custodial parent" is not used for shared-parenting orders. The present version states that "each parent, regardless of where the child is physically located or with whom the child is residing at a particular point in time, as specified in the order, is the * * * `custodial parent' of the child."[3] While the present version does not contain a requirementrequire that a shared-parenting plan contain visitation provisions, it does require that a plan include provisions that designate awhich parent with whom athe child is to reside with during holidays and other days of special importance.[4]
Under both the prior and the current versions of the statute, the principle of shared parenting is the same: both parents share the care of their children and have custody of their children at given points in time.certain times. While the prior version of R.C. 3109.04 used the terms "custodial" and "noncustodial" parents in the context of shared parenting, this did not mean that one parent would always be considered the custodial parent and that the other parent would always be considered the non-custodial parent. Rather, the prior version specified that a parent was a custodial parent at that point in timethe "point in time" when the child resided with him or her. This same parent would then be considered the non-custodial parent at that point in timethe"point in time" when the child did not reside with him or her. In other words, neither parent could only be cast in one role as either the custodial or the non-non-custodial parent. Thus, it would not be proper in this case to consider Deer onlyto be the non-custodial parent. We find no language in either the prior or the current version of R.C.3109.04 that supports Deer's argument. We agree with the trial court that the use of the phrase "non-custodial parent" in the visitation guidelines created an ambiguity in the shared-parenting decree.
Considering the language of the decree in its entirety, we agree with the trial court that "non-custodial parent" should be interpreted as applying to both parents. The shared-parenting decree specified, "Both parties agree that it is in Megan's best interests to have maximum contact with the other parent while she is younger and acknowledge the need for more frequent and shorter periods of contact than is generated by the traditional guidelines for visitation." Based on this language, we conclude that, under the decree, a single parent was not intended to beconsidered the non-custodial parent and, thus, the only parent entitled to four weeks of additional visitation each year. Only by interpreting "non-custodial parent" as applying to both parents is the decree's requirement that Megan be givenhave maximum contact with each parent satisfied. We overrule Deer's assignment.
Therefore, the judgment of the trial court is affirmed.
Doan, P.J., and Winkler, J., concur.
Please Note:
The court has recorded its own entry on the date of the release of this Opinion.
[1] R.C. 3109.04(K)(6) and (K)(7), effective Oct. 12, 1993.
[2] R.C. 3109.04(G), effective Oct. 12, 1993.
[3] R.C. 3109.04(K)(5) and (K)(6), effective Nov. 9, 1994.
[4] R.C. 3109.04(G), effective Nov. 9, 1994.